1
2
3
4
5
6

JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:      (818) 888-7540
Facsimile:      (818) 888-7544

7
8

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

9

10

# UNITED STATES DISTRICT COURT

11

## NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13 BMW OF NORTH AMERICA, LLC, a 14 Delaware Limited Liability Company; and BAYERISCHE MOTOREN WERKE AG, a German Corporation, 15 Plaintiffs, 16 v. 17 A SPEC WHEELS & TIRES, LLC, a California 18 Limited Liability Company; and DOES 1-10, inclusive, 19 Defendants. 20 | Case No.:  3:15-cv-1105 **COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:** (1) **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/Lanham Act §32(a)];** (2) **FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. §1125(a)/Lanham Act §43(a)];** (3) **TRADEMARK DILUTION [15 U.S.C. §1125(c)];** (4) **UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200];** (5) **UNFAIR COMPETITION (California Common Law); and** (6) **FEDERAL DESIGN PATENT INFRINGEMENT [35 U.S.C. §271].** **[DEMAND FOR JURY TRIAL]** |

21
22
23
24
25
26
27
28

1
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF – CASE NO: 3:15-cv-1105**

1    COMES NOW, Plaintiffs BMW OF NORTH AMERICA, LLC ("BMW NA"), and

2    BAYERISCHE MOTOREN WERKE AG ("BMW AG") (collectively "Plaintiffs"), to hereby

3    file their Complaint for Damages and Declaratory Relief ("Complaint") against Defendant A

4    SPEC WHEELS & TIRES, LLC; and DOES 1-10, inclusive (collectively "Defendants").

5    **PARTIES**

6    1.    Plaintiff BMW NA is now, and was at the time of the filing of this Complaint and

7    at all intervening times, a Delaware limited liability company having its principal place of

8    business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677.  BMW NA is a

9    wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation.  BMW

10   (US) Holding Corporation is a wholly owned subsidiary of BMW AG.

11   2.    Plaintiff BMW AG is now, and was at the time of the filing of this Complaint and

12   at all intervening times, a German corporation organized under the laws of the Federal Republic

13   of Germany with its principal place of business located in Munich, Germany.

14   3.    Plaintiffs are informed and believe that Defendant A SPEC WHEELS & TIRES,

15   LLC, is now, and was at the time of the filing of this Complaint, and at all intervening times, an

16   active California limited liability company with a registered address of 2035 America Avenue,

17   Hayward, California 94545.

18   4.    The true names and capacities, whether individual, corporate, associate or

19   otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiffs.

20   Plaintiffs therefore sue said Defendants by such fictitious names. When the true names and

21   capacities of said Defendants have been ascertained, Plaintiffs will amend this pleading

22   accordingly.

23   5.    Plaintiffs further allege that Defendant A SPEC WHEELS & TIRES, LLC, and

24   DOES 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently

25   liable and responsible with one another upon the causes of action hereinafter set forth.

26   6.    Plaintiffs are informed and believe and thereon allege that at all times mentioned

27   herein Defendant A SPEC WHEELS & TIRES, LLC, and DOES 1-10, inclusive, and each of

28   them, were the agents, servants and employees of every other Defendant and the acts of each

2

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF – CASE NO: 3:15-cv-1105**

1  Defendant, as alleged herein, were performed within the course and scope of that agency, service

2  or employment.

3  **JURISDICTION / VENUE**

4  7.      This Court has jurisdiction over the subject matter of the First, Second, Third, and

5  Sixth Causes of Action (violation of the Lanham Act and Patent law) pursuant to 15 U.S.C.

6  §1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

7  8.      This Court has personal jurisdiction over Defendants as Defendants conduct

8  business and/or reside within this jurisdiction and have committed the tortious activities of

9  trademark and design patent infringement and unfair competition in this district.  Defendants

10  have sufficient minimum contacts with this district such that the exercise of jurisdiction over

11  Defendants by this Court does not offend traditional notions of fair play and substantial justice.

12  Among other things, Defendants have advertised, offered to sell, sold, and distributed products

13  that infringe the trademarks and patent of Plaintiffs to consumers within this judicial district for

14  Defendants' own commercial gain and have exploited California's extensive marketplace,

15  wherein Plaintiffs maintain substantial business contacts and financial interests. Defendants have

16  also offered to sell and actually sold counterfeit products (described more fully below) using

17  interactive internet websites knowing or having reason to know that consumers throughout the

18  United States, including within this judicial district, would purchase said counterfeit goods from

19  Defendants, believing that they were authentic goods manufactured and distributed by Plaintiffs

20  or their authorized manufacturers.

21  9.      Additionally, supplemental jurisdiction exists over Defendants because, on

22  information and belief, Defendants conduct business in California and in this judicial district,

23  have purposefully directed action to California and this district, or have otherwise availed

24  themselves of the privileges and protections of the laws of the State of California, such that this

25  Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play

26  and due process.

27  10.      Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. §1391(b)

28  because, on information and belief, a substantial part of the events or omissions giving rise to

3

1    these claims occurred in this judicial district, and has caused damage to Plaintiffs in this district.

2    The counterfeit BMW®-branded products were purchased in California and Defendants

3    purposefully distributed the counterfeit products within California.   Moreover, the counterfeit

4    BMW®-branded products were paid with funds from a financial institution in California, and the

5    transactions were processed through PayPal, Inc., located in California.   Defendants' actions

6    within this district directly interfere with and damage Plaintiffs' commercial business and harms

7    Plaintiffs' goodwill within this Venue.

8                                    **INTRADISTRICT ASSIGNMENT**

9           11.    Pursuant to Rule 3-2(c) of the Local Rules of Practice in Civil Proceedings before

10   the United States District Court for the Northern District of California ("Civil L.R.") and the

11   Court's Assignment Plan, this is an Intellectual Property Action to be assigned on a district wide-

12   basis.

13          12.    Assignment to the San Francisco and/or Oakland Division would nonetheless be

14   appropriate pursuant to Civil L.R. 3-2(e) because a substantial part of the events that give rise to

15   Plaintiff's claims against Defendants occurred in Alameda County, California, where Defendant

16   A SPEC WHEELS & TIRES, LLC's principal place of business is located.

17                                    **GENERAL ALLEGATIONS**

18                    **Plaintiffs and their Well-Known BMW® Brand and Products**

19          13.    Plaintiffs are in the business of designing, manufacturing, and/or distributing

20   motor vehicles, wheels, parts, seat belt buckle clips, floor mats, anti-slip mats, mileage readers,

21   DVD compact disc players, watches, clothing, MP3 players, PC port hubs, lighters, ash trays,

22   USB flash memory drives, key-chains, pocket wallets, phone cases, car stickers and badges, car

23   key cases, car key bags, driving license cases, brake pedal covers, storage basins, and a variety of

24   other products under various trademarks, including but not limited to the BMW® marks.

25   Plaintiffs' BMW®-branded products and marks have achieved great success since their

26   introduction at least as of 1955 and 1987, respectively.

27          14.    Plaintiffs' motor vehicles and related products have earned a reputation for

28   innovation, quality and performance. Plaintiffs have spent substantial time, money and effort in

developing consumer recognition and awareness of their BMW® marks and products.  Plaintiffs have spent an enormous amount of money on print and Internet advertising in order to inform consumers of the benefits of Plaintiffs' products and services.

15.    Through the extensive use of Plaintiffs' marks, Plaintiffs have built up and developed significant goodwill in their entire product line.  A wide array of newspapers, magazines and television networks have included advertising of Plaintiffs' products, which are immediately identified by Plaintiffs' BMW® marks.

16.    As a result of Plaintiffs' efforts, the quality of Plaintiffs' products, the high degree of promotion and the quality and popularity of the BMW® motor vehicles, the BMW® marks have been prominently placed in the minds of the public.  Consumers, purchasers and the members of the public have become familiar with Plaintiffs' intellectual property and products, and have come to recognize the BMW® marks and products and associate them exclusively with Plaintiffs. Plaintiffs have acquired a valuable reputation and goodwill among the public as a result of such association.  Indeed, the BMW® marks are famous in the United States and around the world.

**Plaintiffs' Trademarks**

17.    While Plaintiffs have gained significant common law trademark and other rights in their BMW® products and services through their use, advertising and promotion, Plaintiffs have also protected their valuable rights by filing for and obtaining numerous federal trademark registrations. This includes registrations for the following non-exhaustive list of Plaintiff's registered trademarks:

i.    **BMW**: Unites States Patent and Trademark Office ("USPTO") Reg. No.: 0,611,710, registered September 6, 1955;



/ / /

/ / /

/ / /

ii.    USPTO Reg. No.: 0,613,465, registered October 4, 1955;

iii.    USPTO Reg. No.: 1,450,212, registered August 4, 1987;

iv.    USPTO Reg. No.: 4,293,991, registered February 26, 2013;

v.    **M3**:  USPTO Reg. No. 2,535,373, registered February 5, 2002;

M3

vi.    **M5**:  USPTO Reg. No. 2,381,292, registered August 29, 2000;

M5

vii.    **M**: USPTO Reg. No.: 1,438,545, registered August 5, 1987;



6

viii.   USPTO Reg. No.: 3,526,899, registered November 4, 2008;



ix.   USPTO Reg. No.: 3,767,662, registered March 30, 2010;



x.   USPTO Reg. No.: 3,767,663, registered March 30, 2010;



xi.   **MINI**: USPTO Reg. No.: 3,515,455, registered October 14, 2008;



xii.   USPTO Reg. No.: 3,507,903, registered September 30, 2008; and

# MINI

/ / /

/ / /

1    xiii.    USPTO Reg. No.: 3,462,517, registered July 8, 2008 (collectively "BMW®

2   Trademarks").



7    18.    Plaintiffs have never authorized or consented to Defendants' use of the BMW®

8   Trademarks, or any confusingly similar marks by Defendants. Also, Plaintiffs have never

9   authorized Defendants to copy, manufacture, import, market, sell, or distribute any BMW®

10   products.

11                      **Plaintiffs' Design Patents**

12    19.    Plaintiffs, as one of the foremost designers and manufacturers of automobiles and

13   automobile related products, are one of the largest producers of automobile wheels in the world.

14    20.    Accordingly, Plaintiffs own various valid and lawfully issues United States

15   Design Patents, including but not limited to wheel design patent nos.: D493,404; D504,382;

16   D515,491; D516,989; D527,334; D551,149; D560,585; D584,210; D597,015; D615,018 C1;

17   D617,243; D617,712; D631,813; D635,078; and D643,794 ("BMW® Design Patents").

18                  **Defendants' Wrongful and Infringing Conduct**

19    21.    Particularly in light of the success of Plaintiffs and Plaintiffs' products as well as

20   the reputation they have gained, Plaintiffs and their products have become targets for

21   unscrupulous individuals and entities who wish to take a "free ride" on its goodwill, reputation

22   and fame.  Plaintiffs have spent considerable effort and resources to build up its products and

23   marks.

24    22.    A large number of these individuals and entities deal in pirated and counterfeit

25   BMW®-branded products. Their actions vary and include manufacturing, copying, exporting,

26   importing, advertising, promoting, offering for sale, selling, and distributing counterfeit and

27   otherwise unauthorized products.

28   / / /

23.     Plaintiffs are informed and believe that Defendant A SPEC WHEELS & TIRES, LLC, purchased, imported, acquired and/or otherwise deals in counterfeit automobile wheel rims with center caps that infringe upon the BMW® Trademarks and the BMW® Design Patents.

24.     Defendant A SPEC WHEELS & TIRES, LLC, uses, among other websites, the Internet auction website www.eBay.com ("eBay"), owned by eBay, Inc., to offer for sale, sell and distribute products, including counterfeit automobile wheel rims with center caps and emblems comprised of the BMW® Design Patents and/or bearing the BMW® Trademarks, described above, to consumers.

25.     Many of the online commercial transactions accomplished by sellers such as Defendant A SPEC WHEELS & TIRES, LLC are accomplished through the PayPal.com ("PayPal") payment service provided by PayPal, Inc., a corporate affiliate of eBay, Inc. Using PayPal, purchasers of products can transfer funds to sellers, electronically and online, from any PayPal account to any other PayPal account.

26.     Both eBay, Inc. and PayPal, Inc. are headquartered in California.  In order for sellers, including Defendant A SPEC WHEELS & TIRES, LLC, to make use of eBay and its PayPal services, users must agree to terms and conditions set forth in eBay and PayPal's User Agreements, as well as pay various fees associated with any listing or transaction accomplished through eBay and PayPal's services.

27.     Defendant A SPEC WHEELS & TIRES, LLC owns and operates its own interactive and commerce enabled webpage on eBay under the seller IDs "aspecwheel" and "aspecwheels."   Through theses webpages, among others, Defendants regularly and systematically advertised, marketed, distributed and sold counterfeit automobile wheel rims comprised of the BMW® Design Patents and bearing the BMW® Trademarks.

28.     Defendant A SPEC WHEELS & TIRES, LLC also owns and operates its own interactive and commerce enabled website at www.aspecwheels.net.   Through this website, Defendants regularly and systematically advertised, marketed, distributed and sold counterfeit wheel rims and emblems comprised of the BMW® Design Patents and bearing the BMW® Trademarks.

29.     On July 24, 2012, in its ongoing investigation of counterfeit sales of BMW® products from the State of California, Plaintiffs' investigator purchased a set of two wheels listed for sale on eBay by seller "aspecwheels" as "19X8.5/9.5 STAGGERED M5 STYLE WHEELS 5X120 RIM FIT BMW 645I 650I M5 M6" from Defendant A SPEC WHEELS & TIRES, LLC for a cost of $349.50.

30.     On September 25, 2013, Plaintiffs' investigator also purchased a set of four wheels listed for sale on eBay by seller "aspecwheels" as "18X8 M STYLESWHEELS 5X120 RIM FITS BMW 325I 328I 330I CI 328 330 335 Z3 Z4" from Defendant Defendant A SPEC WHEELS & TIRES, LLC for a cost of $639.00.

31.     All automobile wheels rims and accompanying center caps and emblems purchased from Defendant Defendant A SPEC WHEELS & TIRES, LLC were inspected by Plaintiffs to determine authenticity. The inspection of the purchased items confirmed that the items Defendants sold were in fact counterfeit BMW® products infringing upon the BMW® Trademarks and the BMW® Design Patents.

32.     Through such business activities, Defendants purposely derived benefit from their interstate commerce by expressly targeting foreseeable purchasers in the State of California. But for Defendants' advertising, soliciting and selling of counterfeit BMW® products, Plaintiffs would not have been able to make purchases of the subject products.

33.     By these sales and, on information and belief, Defendants violated and continue to violate Plaintiffs' exclusive rights in its trademarked and patented automobile parts, wheels, emblems, and related goods and services, and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of Plaintiffs' trademarks and patented products to confuse consumers and aid in the promotion and sales of its unauthorized goods. Defendants' conduct and use began long after Plaintiffs' adoption and use of its BMW® Trademarks and BMW® Design Patents, after Plaintiffs obtained the trademark and patent registrations alleged above, and after Plaintiffs' marks became famous.  Indeed, Defendants had knowledge of Plaintiffs' ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with intent to cause confusion, tarnish,

counterfeit and dilute Plaintiffs' marks and products. Defendants also had knowledge of Plaintiffs' ownership of the designs and reproduced them in bad faith and in violation of Plaintiffs' patent rights. Neither Plaintiffs nor any authorized agents have consented to Defendants' use of Plaintiffs' BMW® Trademarks or BMW® Design Patents in the manner complained of herein.

34. Defendants' actions were committed in bad faith and with the intent to dilute Plaintiffs' marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiffs' goodwill.

35. In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following acts, all of which have and will continue to cause irreparable harm to Plaintiffs: (i) infringed, tarnished, diluted Plaintiffs' rights in the BMW® Trademarks and BMW® Design Patents; (ii) applied counterfeit marks; (iii) misled the public into believing there is an association or connection between Defendants and Plaintiffs and/or the products advertised and sold by Defendants and Plaintiffs; (iv) used false designations of origin on or in connection with its goods and services; (v) committed unfair competition; (vi) engaged in counterfeiting; (vii) infringed upon Plaintiffs patented designs; and (viii) unfairly profited from such activity. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

### FIRST CAUSE OF ACTION

**(Infringement of Registered Trademarks Against Defendant A SPEC WHEELS & TIRES, LLC, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. §1114/Lanham Act §32(a)]**

36. Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

37. Plaintiffs have continuously used their BMW® Trademarks in interstate commerce.

/ / /

38.     Plaintiffs, as the owners of all right, title and interest in and to the BMW® Trademarks, have standing to maintain an action for trademark infringement under the U.S. Trademark Statute 15 U.S.C. §1114.

39.     Defendants are and at the time of their actions complained of herein were actually aware that Plaintiffs are the registered trademark holders of the BMW® Trademarks.

40.     Defendants did not and failed to obtain the consent or authorization of Plaintiffs as the registered owners of the BMW® Trademarks to deal in and commercially distribute, market and sell products bearing Plaintiffs' asserted marks into the stream of commerce.

41.     Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/or colorable imitations of Plaintiffs' asserted marks in connection with the sale, offering for sale, distribution, or advertising of Defendants' goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit BMW® products bearing the BMW® Trademarks.

42.     Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiffs' registered BMW® Trademarks and applied such reproductions, counterfeits, copies, or colorable imitations to emblems, labels, signs, prints, packages, wrappers, receptacles, websites and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods.  Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit BMW® products bearing the BMW® Trademarks.

43.     Defendants' egregious and intentional use and sale of counterfeit items bearing Plaintiffs' BMW® Trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiffs.

44.     Defendants' acts have been committed with knowledge of Plaintiffs' exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

/ / /

45.     Plaintiffs have suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the BMW® Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiffs request injunctive relief.

46.     Defendants' continued and knowing use of Plaintiffs' asserted marks without Plaintiffs' consent or authorization constitutes intentional infringement of Plaintiffs' federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* §1114.  Based on such conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies provided by section 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition Against Defendant A SPEC WHEELS & TIRES, LLC, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. §1125(a)/Lanham Act §43(a)]**

47.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

48.     Plaintiffs, as the owners of all common law right, title, and interest in and to the BMW® Trademarks, have standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act section 43(a) (15 U.S.C. §1125).  Plaintiffs' asserted marks are fanciful, inherently distinctive, and/or have otherwise acquired distinctiveness.

49.     Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the asserted marks, and/or has made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

50.     Defendants' conduct described above violates the Lanham Act, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to

injure Plaintiff, causing damage to Plaintiffs in an amount to be determined at trial, and will cause irreparable injury to Plaintiffs' goodwill and reputation associated with the value of Plaintiffs' marks.

51.     On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiffs' rights.

52.     Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiffs' asserted marks would cause confusion, mistake, or deception among purchasers, users and the public.

53.     Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiffs' asserted marks unfairly competes with Plaintiffs and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine BMW® products.

54.     Defendants' continuing and knowing use of Plaintiffs' asserted marks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiffs to suffer substantial and irreparable injury for which it has no adequate remedy at law.

55.     Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiffs' marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of sales of its BMW® products in an amount as yet unknown but to be determined at trial, and have been deprived and will be deprived of the value of their marks as commercial assets in an amount as yet unknown but to be determined at trial.  Plaintiffs seek damages and an accounting of Defendants' profits, and requests that the Court grant Plaintiffs three times that amount in the Court's discretion.

56.     Based on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including

1  Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

2  **THIRD CAUSE OF ACTION**

3  **(Trademark Dilution Against Defendant A SPEC WHEELS & TIRES, LLC, and DOES 1**

4  **through 10, Inclusive)**

5  **[15 U.S.C. §1125(c)]**

6      57.    Plaintiffs hereby incorporate by reference each of the other allegations set forth

7  elsewhere in this Complaint as though fully set forth in this cause of action.

8      58.    Plaintiffs' asserted marks are distinctive and famous within the meaning of the

9  Lanham Act.

10      59.    Upon information and belief, Defendants' unlawful actions began long after

11  Plaintiffs' asserted marks became famous, and Defendants acted knowingly, deliberately and

12  willfully with the intent to trade on Plaintiffs' reputation and to dilute Plaintiffs' asserted marks.

13  Defendants' conduct is willful, wanton and egregious.

14      60.    Defendants' intentional sale of fake, pirated and counterfeit items bearing

15  Plaintiffs' asserted marks is likely to cause confusion, mistake, or to deceive, mislead, betray,

16  and defraud consumers to believe that the substandard imitations are genuine BMW® products.

17  The actions of Defendants complained of herein have diluted and will continue to dilute

18  Plaintiffs' asserted and other marks, and are likely to impair the distinctiveness, strength and

19  value of Plaintiffs' marks, and injure the business reputation of Plaintiffs and their marks.

20      61.    Defendants' acts have caused and will continue to cause Plaintiffs irreparable

21  harm.  Plaintiffs have no adequate remedy at law to compensate it fully for the damages that

22  have been caused and which will continue to be caused by Defendants' unlawful acts, unless

23  they are enjoined by this Court.

24      62.    As the acts alleged herein constitute a willful violation of section 43(c) of the

25  Lanham Act, 15 U.S.C. section 1125(c), Plaintiffs are entitled to injunctive relief as well as

26  monetary damages and other remedies provided by 15 U.S.C. §§1116, 1117, 1118, and 1125(c),

27  including Defendants' profits, actual and statutory damages, treble damages, reasonable

28  attorney's fees, costs and prejudgment interest.

1

**FOURTH CAUSE OF ACTION**

2

**(Unlawful, Unfair, Fraudulent Business Practices Against Defendant A SPEC WHEELS &**

3

**TIRES, LLC, and DOES 1 through 10, Inclusive)**

4

[*California Business & Professions Code* §17200 *et seq.*]

5      63.     Plaintiffs hereby incorporate by reference each of the other allegations set forth

6   elsewhere in this Complaint as though fully set forth in this cause of action.

7      64.     By marketing, advertising, promoting, selling and/or otherwise dealing in

8   counterfeit BMW® products, Defendants have engaged in unfair competition including unlawful,

9   unfair and fraudulent business practices in violation of the *California Business and Professions*

10   *Code* §17200 *et seq.*

11      65.     Defendants' marketing, advertising, promoting, selling and/or otherwise dealing

12   in the counterfeit BMW® products is in violation and derogation of Plaintiffs' rights and is

13   likely to cause confusion, mistake and deception among consumers and the public as to the

14   source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage

15   and injury to Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause

16   such loss, damage and injury.

17      66.     Defendants knew or by the exercise of reasonable care should have known that

18   their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing

19   marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product

20   would cause confusion mistake or deception among purchasers, users and the public.

21      67.     By marketing, advertising, promoting, selling and/or otherwise dealing in and

22   their continuing marketing, advertising, promoting, selling and/or otherwise dealing in

23   counterfeit versions of Plaintiffs marks and products, Defendants intended to, did and will

24   continue to induce customers to purchase its false and counterfeit products by trading off the

25   extensive goodwill built up by Plaintiffs' in their marks.

26      68.     Upon information and belief, the conduct of Defendants has been knowing,

27   deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in

28   disregard of Plaintiffs' rights.

69.     Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiffs' nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of substantial sales of their products in an amount as yet unknown but to be determined at trial, and have been and will be deprived of the value of their trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiffs seek restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and their actual and/or compensatory damages.

70.     Plaintiffs have no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiffs seek injunctive relief.

71.     Plaintiffs further request a court issue an order to "freeze" any assets or impose a constructive trust over all monies and assets in Defendants' possession which rightfully belong to Plaintiffs.

## FIFTH CAUSE OF ACTION

### (Unfair Competition Against Defendant A SPEC WHEELS & TIRES, LLC, and DOES 1 through 10, Inclusive)

### [California Common Law]

72.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

73.     By marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit BMW® products, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the common law of the State of California.

74.     Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit BMW® products is in violation and derogation of Plaintiffs' rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiffs and to the purchasing public.  Defendants' conduct was intended to cause

1   such loss, damage and injury.

2        75.    Defendants knew or by the exercise of reasonable care should have known that

3   their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing

4   marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product

5   would cause confusion mistake or deception among purchasers, users and the public.

6        76.    By marketing, advertising, promoting, selling and/or otherwise dealing in and

7   their continuing marketing, advertising, promoting, selling and/or otherwise dealing in

8   counterfeit versions of Plaintiffs marks, copyrights and products, Defendants intended to and did

9   induce and intends to and will induce customers to purchase its products by trading off the

10  extensive goodwill built up by Plaintiffs' in their marks.

11       77.    Upon information and belief, the conduct of Defendants has been knowing,

12  deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in

13  disregard of Plaintiffs' rights.

14       78.    Defendants' wrongful conduct, as alleged above, has permitted and will permit

15  them to make substantial sales and profits on the strength of Plaintiffs' nationwide marketing,

16  advertising, sales and consumer recognition, all of which Plaintiffs invested substantial time and

17  effort to create and protect.  As a direct and proximate result of Defendants' wrongful conduct,

18  as alleged herein, Plaintiffs have been and will be deprived of substantial sales of their products

19  in an amount as yet unknown but to be determined at trial, and have been and will be deprived of

20  the value of their trademarks as commercial assets, in an amount as yet unknown but to be

21  determined at trial.  Plaintiffs seek an order granting Defendants' profits stemming from their

22  infringing activity, and their actual and/or compensatory damages.

23       79.    Plaintiffs have no adequate remedy at law for Defendants' continuing violation of

24  its rights set forth above.  Plaintiffs seek preliminary and permanent injunctive relief.

25       80.    Plaintiffs seek exemplary or punitive damages for Defendants' intentional

26  misconduct.

27  / / /

28  / / /

## SIXTH CAUSE OF ACTION

**(Federal Design Patent Infringement Against Defendant A SPEC WHEELS & TIRES, LLC, and DOES 1 through 10, Inclusive)**

**[35 U.S.C. §271]**

81.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

82.     Plaintiffs are the owners of the BMW® Design Patents with the USPTO registration nos.: D493,404; D504,382; D515,491; D516,989; D527,334; D551,149; D560,585; D584,210; D597,015; D615,018 C1; D617,243; D617,712; D631,813; D635,078; and D643,794.

83.     Upon information and belief, Defendants have infringed and continue to infringe the BMW® Design Patents by using, selling and/or offering to sell, in the United States and/or importing into the United States, wheels which embody the designed covered by Plaintiffs' patents. Upon information and belief, Defendants infringing products include all of the ornamental designs of the BMW® Design Patents. By their conduct, Defendants have violated 35 U.S.C. §271 by direct infringement of Plaintiffs BMW® Design Patents and by inducing others to infringe the BMW® Design Patents.

84.     Plaintiffs are informed and believe, and on that basis allege, that Defendants have gained profits by virtue of their infringement of the BMW® Design Patents.

85.     As a direct and legal result of Defendants' wrongful conduct, Plaintiffs have been and will be irreparably and permanently harmed; wherefore Plaintiffs are without an adequate remedy at law. Accordingly, Plaintiffs are entitled to, among other things, an order enjoining and restraining Defendants from further engaging in the infringement of the BMW® Design Patents.

86.     Defendants infringement of the BMW® Design Patents is and has been willful. Accordingly, Plaintiffs are entitled to its monetary damages, in an amount to be proven at trial, an award of treble damages, and their reasonable attorney's fees and costs.

WHEREFORE, Plaintiffs BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG pray for judgment against Defendant A SPEC WHEELS & TIRES, LLC, and DOES 1 through 10, inclusive, and each of them, as follows:

1.  An order and judgment preliminary and permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of Plaintiffs' asserted BMW® Design Patents.

2.  For an award of Plaintiffs damages and Defendants profits adequate to compensate Plaintiffs for Defendants' infringement of the BMW® Design Patents, and in no event less than a reasonable royalty for Defendants acts of infringement, including all pre-judgment and post-judgment interest as the maximum rate permitted by law;

3.  For an award of all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. §284, together with prejudgment interest.

4.  For an award of all profits, pursuant to 35 U.S.C. §289 together with prejudgment interest.

5.  For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a);

6.  For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

7.  For $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed under 15 U.S.C. §1117(c).

8.  For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

9.  In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiffs' trademarks pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiffs will make prior to the rendering of final judgment;

10. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

11. For damages to be proven at trial for common law unfair competition;

12. For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiffs; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiffs' rights;

13. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

14. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiffs;

15. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118;

16. For treble damages suffered by Plaintiffs as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. §1117(b);

17. For damages in an amount to be proven at trial for unjust enrichment;

18. For an award of exemplary or punitive damages in an amount to be determined by the Court;

19. For Plaintiff's reasonable attorney's fees;

/ / /

/ / /

/ / /

1    20. For all costs of suit; and

2    21. For such other and further relief as the Court may deem just and equitable.

3

4    DATED:  March 10, 2015                    JOHNSON & PHAM, LLP

5
                                               By: __/s/Marcus F. Chaney_____
6                                              Christopher D. Johnson, Esq.
                                               Christopher Q. Pham, Esq.
7                                              Marcus F. Chaney, Esq.
                                               Attorneys for Plaintiffs
8                                              BMW OF NORTH AMERICA, LLC and
                                               BAYERISCHE MOTOREN WERKE AG
9

10

11

12

13

14

15
                          **DEMAND FOR JURY TRIAL**
16
         Plaintiffs  BMW  OF  NORTH  AMERICA,  LLC  and  BAYERISCHE  MOTOREN
17
WERKE AG respectfully demand a trial by jury in this action pursuant to Civil L.R. 3-6(a).
18

19

20   DATED:  March 10, 2015                    JOHNSON & PHAM, LLP

21
                                               By: __/s/Marcus F. Chaney_____
22                                             Christopher D. Johnson, Esq.
                                               Christopher Q. Pham, Esq.
23                                             Marcus F. Chaney, Esq.
                                               Attorneys for Plaintiffs
24                                             BMW OF NORTH AMERICA, LLC and
                                               BAYERISCHE MOTOREN WERKE AG
25

26

27

28